**BILL LOCKYER, Attorney General of the State of California**
**MARY HACKENBRACHT, Senior Assistant Attorney General**
**GREGORY J. NEWMARK** (Bar No. 190488)
**Deputy Attorney General**
300 South Spring Street - Suite 1100-N
Los Angeles, California 90013-1204
Tel: (213) 897-2641/Fax: (213) 897-2802
Email: Gregory Newmark@doj.ca.gov

**RICHARD P. SYBERT** (Bar No. 80731)
**WILLIAM E. PALLARES** (Bar No. 187740)
**DENNIS S. HYUN** (Bar No. 224240)
GORDON & REES LLP
633 West Fifth Street, Suite 4900
Los Angeles, California 90071
Tel: (213) 576-5000/Fax: (213) 680-4470
Email: rsybert@gordonrees.com
Email: wpallares@gordonrees.com
Email: dhyun@gordonrees.com

Attorneys for Plaintiff
DEPARTMENT OF PARKS AND RECREATION

FILED
CLERK, U.S. DISTRICT COURT
SEP 30 2005
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

RECEIVED BUT NOT FILED
SEP 27 2005
CLERK, U.S. DISTRICT COURT

LODGED
2005 SEP 27 PM 12:57
CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. LOS ANGELES

SCANNED

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only ✓

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DEPARTMENT OF PARKS AND RECREATION,

Plaintiff,

vs.

STEPHEN HARPER, an individual; MALIBU PIER COMPANY, LLC, a California limited liability company; and DOES 1 through 10, Inclusive,

Defendants.

CASE NO. 2:05-CV-02008-DSF-JWJ

**~~[PROPOSED]~~ FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**

**(1) FEDERAL TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION [15 U.S.C. § 1125(a)];**

**(2) VIOLATION OF THE ANTI-CYBERSQUATTING ACT [15 U.S.C. § 1125(d)];**

**(3) FEDERAL TRADEMARK DILUTION [15 U.S.C. § 1125];**

**(4) DECLARATORY RELIEF [28 U.S.C. § 2201(a)];**

**(5) STATE TRADEMARK**

DOCKETED ON CM
OCT - 3 2005
BY 021

**INFRINGEMENT [Cal. Bus. & Prof. Code § 14200];**

**(6) CALIFORNIA TRADEMARK DILUTION [Cal. & Bus. & Prof. Code § 14335];**

**(7) COMMON LAW UNFAIR COMPETITION;**

**(8) UNJUST ENRICHMENT; AND**

**(9) ACCOUNTING.**

**DEMAND FOR JURY TRIAL**

Plaintiff DEPARTMENT OF PARKS AND RECREATION (the "Department" or "Plaintiff") for its First Amended Complaint against Defendants STEPHEN HARPER ("Harper"), MALIBU PIER COMPANY, LLC, ("Malibu Pier Company") and DOES 1 through 10, inclusive, (collectively, "Defendants") alleges as follows:

**THE PARTIES**

1. Plaintiff is an agency of the State of California and conducts business throughout California, including this District.

2. On information and belief, Defendant Harper is an individual residing in Agoura Hills, California within this District.

3. On information and belief, Defendant Malibu Pier Company is a California limited liability company with a principle place of business in Agoura Hills, California within this District.

4. The true names and capacities, whether individual or otherwise, of defendants DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes that each of the DOE defendants is responsible in some manner for the events and happenings alleged below, and that each individually or as a group caused injuries and damages proximately thereby as hereinafter alleged.

5. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, each of the Defendants was the agent, servant, and employee of each of the remaining Defendants and was at all times acting within the purpose and scope of said agency and employment, with the knowledge and consent or ratification of each of the other Defendants in doing the things herein alleged.

6. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants Harper and Malibu Pier Company are the *alter-egos* of one another. On information and belief, Plaintiff alleges that Defendant Harper is the sole owner, officer and director of Malibu Pier Company, that Malibu Pier Company is inadequately capitalized, and fails to maintain corporate records, minutes and corporate formalities. On information and belief, Plaintiff further alleges that Defendants Harper and Malibu Pier Company commingle their assets. On information and belief, based on the foregoing, the separateness between Defendants Harper and Malibu Pier Company no longer exist, resulting in unity of interests and that recognition of the corporate form will lead to fraud and injustice.

**JURISDICTION AND VENUE**

7. This is an action for trademark infringement, trademark dilution, unfair competition, injunctive relief and damages arising under the Lanham Act, 15 U.S.C. §§ 1051 et seq.; the Declaratory Judgment Act, 28 U.S.C. § 2201(a); the California Trademark Law as codified by Cal. Bus. & Prof. Code §§ 14200 et seq.; and unfair competition, unjust enrichment and accounting arising under California common law. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and (b). The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

8. This Court has personal jurisdiction over defendants in that they do business and/or reside in the State of California.

9. Venue is proper, *inter alia*, under 28 U.S.C. § 1391(b) because, on information and belief, Defendants reside within this judicial district.

## PLAINTIFF'S TRADEMARK

10. Plaintiff owns the marks MALIBU PIER and MALIBU SPORT FISHING PIER (collectively "Marks"). Plaintiff's rights to these marks dates back at least a century, when recreational and tourist activities were first offered at Malibu Pier in connection with that name, "Malibu Pier." Plaintiff, as a matter of law, acquired any and all associated rights to these Marks when it acquired Malibu Pier, along with portions of what is now Malibu Lagoon State Beach, in or around 1980. Since such acquisition, Plaintiff has continued to use the Marks in interstate commerce, directly and through licensees, in connection with recreational and tourist goods and services. Plaintiff administers and manages Malibu Pier as part of Malibu Lagoon State Beach.

11. Upon information and belief, Plaintiff's use of its Marks in interstate commerce has been exclusive since it first adopted the Marks, with the limited exception of Defendants' unauthorized use described below.

12. Plaintiff's mark MALIBU PIER is the subject of Plaintiff's Federal Trademark Registration Application Serial No. 78/306,050, filed September 26, 2003, for goods and services in International Classes 16, 21, 25, 35, 41, and 43.

13. Plaintiff's mark MALIBU SPORT FISHING PIER is the subject of Plaintiff's Federal Trademark Registration Application Serial No. 78/376,800, filed March 2, 2004, for goods and services in International Classes 16, 18, 25, and 42.

14. Plaintiff also holds California State Trademark Registrations for its Marks. MALIBU PIER is the subject of California Trademark Registration No. 109937, filed March 26, 2004. MALIBU SPORT FISHING PIER is the subject of California Trademark Registration No. 109904, filed March 12, 2004.

15. Plaintiff has widely advertised, promoted and marketed goods and services under the marks MALIBU PIER and MALIBU SPORT FISHING PIER, both directly and through its approved licensees. Because of these efforts, and because of its Marks, customers and potential customers have come to associate

the Marks with Plaintiff. Plaintiff has thus developed extensive goodwill in connection with its Marks.

SCANNED

## DEFENDANTS' WRONGFUL ACTS

16. On information and belief, in or around October 2002, Defendants became aware of Plaintiff's Request for Proposal (RFP) for concession operations and the offer of goods and services in connection with Plaintiff's ownership of Malibu Pier, and therefore with Plaintiff's ownership of the Marks. Specifically without limitation, Defendants contacted and attempted unsuccessfully to enter into a business arrangement with the successful proposer, Plaintiff's licensee Malibu Pier Partners, LLC.

17. On information and belief, on September 5, 2003, Defendant Harper filed a federal trademark registration application to register MALIBU PIER for goods in International Class 25.

18. On information and belief, Plaintiff alleges that Defendant Harper intends to assign his interests in the purported MALIBU PIER mark to Malibu Pier Company.

19. On information and belief, on June 25, 2004, Defendant Harper registered the domain name MalibuPier.com. On information and belief, the domain name and associated website are maintained by Defendant Malibu Pier Company.

20. On information and belief, Defendant Harper has also registered the following domain names: malibupier.biz; malibupier.org; malibupier.net; themalibupier.info; themalibupier.net; themalibupier.com; themalibupier.biz; and malibu-pier.com (collectively, "Domain Names.") On information and belief, these Domain Name and any associated websites are maintained by Defendant Malibu Pier Company.

21. On information and belief, Defendants' use, if any, of the purported trademark MALIBU PIER, and Defendants' registration and use, if any, of the

Domain Names, began after Plaintiff's adoption and use of its Marks, and without Plaintiff's authorization, permission or consent.

22. On information and belief, Defendants knew of Plaintiff's prior use and ownership of the Marks and Defendant Harper intentionally and fraudulently applied for federal registration of the mark MALIBU PIER and registered the domain names to interfere with and capitalize on Plaintiff's prior use and ownership.

23. On information and belief, Defendants have purposefully used Plaintiff's MALIBU PIER mark and/or the domain names, to confuse the public into believing their products were or are endorsed by or connected to Plaintiff, and/or to misappropriate Plaintiff's said mark and to "cybersquat" said domain names. Defendants have illegally used Plaintiff's mark in interstate commerce through their use of the internet and the domain names containing Plaintiff's mark and through their selling of goods in interstate commerce.

24. Defendants' use of MALIBU PIER mark, and/or the MalibuPier.com domain name, in connection with their goods and domain name was or is identical or confusingly similar to Plaintiff's MALIBU PIER and MALIBU SPORT FISHING PIER marks.

**INJURY TO PLAINTIFF**

25. Defendants' use of the mark MALIBU PIER and/or the Domain Names, in selling and advertising their products, is likely to cause confusion among consumers as to the affiliation, connection, association, origin, sponsorship or approval of the goods and/or services.

26. Defendants' continued use of Plaintiff's MALIBU PIER mark, and/or the Domain Names, has injured Plaintiff, and if permitted to continue, will continue to injure Plaintiff by damaging its reputation, and causing it to suffer monetary damages. Defendants' actions are likely to continue to cause confusion, mistake, and deception as to the source and origin of Defendants' products and

falsely suggest a sponsorship, connection, license, affiliation or association between Plaintiff and Defendants.

27. Plaintiff is being irreparably harmed through Defendants' acts by reason of Defendants' sales and advertisements of products and/or use of domain names that are not endorsed by, associated or connected with Plaintiff. Plaintiff will continue to be so harmed unless Defendants are stopped by injunctive relief.

**FIRST CLAIM FOR RELIEF**

**(Federal Trademark Infringement and Unfair Competition)**

**(15 U.S.C. § 1125(a))**

28. Plaintiff repeats and realleges every allegation set forth in Paragraphs 1 through 27.

29. Defendants' continued and knowing use of Plaintiff's mark MALIBU PIER constitutes willful infringement of Plaintiff's Marks and unfair competition in violation of 15 U.S.C. § 1125(a).

30. Defendants' use of copies or simulations of Plaintiff's Marks is likely to cause and is causing confusion, mistake and deception among the general purchasing public and is likely to deceive the public into believing that the infringing goods and/or services being sold by Defendants originated from, are associated, or otherwise authorized by Plaintiff, all to the damage and detriment of Plaintiff's reputation, goodwill and sales.

31. Plaintiff has no adequate remedy at law and if Defendants are not enjoined, Plaintiff will suffer irreparable harm and injury to its goodwill and reputation.

**SECOND CLAIM FOR RELIEF**

**(Violation of the Anti-Cybersquatting Act, 15 U.S.C. § 1125(d))**

32. Plaintiff repeats and realleges every allegation set forth in Paragraphs 1 through 31.

33. Defendants' conduct alleged herein constitutes a bad faith intent to

profit from registration of the Domain Names MalibuPier.com; malibupier.biz; malibupier.org; malibupier.net; themalibupier.info; themalibupier.net; themalibupier.com; themalibupier.biz; and malibu-pier.com in violation of 15 U.S.C. § 1125(d).

SCANNED

34. Defendants' bad faith registration of the Domain Names has caused Plaintiff to suffer damage to its reputation, goodwill and sales.

35. Further, Plaintiff has no adequate remedy at law for Defendants' registration and use of the domain names. Plaintiff will sustain irreparable harm and injury to its goodwill and reputation.

**THIRD CLAIM FOR RELIEF**

**(Federal Trademark Dilution (15 U.S.C. § 1125(c))**

36. Plaintiff repeats and realleges every allegation set forth in Paragraphs 1 through 35.

37. Plaintiff's Marks are "famous" within the meaning of 15 U.S.C. Section 1125(c)(1), and were famous prior to Defendants' conduct alleged herein.

38. Defendants' manufacture, distribution, sale and/or offer for sale in commerce of the infringing goods and services dilute the distinctive quality of Plaintiff's Marks, and were done with the willful intent to trade on Plaintiff's reputation and/or to cause the dilution of Plaintiff's Marks.

39. Defendants acted in knowing and willful violation of Plaintiff's rights under 15 U.S.C. § 1125(c).

40. Plaintiff has no adequate remedy at law, and if Defendants are not enjoined, then Plaintiff will suffer irreparable harm and injury to its goodwill and reputation.

///

///

///

**FOURTH CLAIM FOR RELIEF**

**(Declaratory Relief (28 U.S.C. § 2201(a))**

41. Plaintiff repeats and realleges every allegation set forth in Paragraphs 1 through 40.

42. Plaintiff alleges that a substantial controversy has arisen between Plaintiff and Defendants Harper and Malibu Pier Company relating to the right to the Marks and domain names related to the Marks.

43. Plaintiff further alleges that the parties have adverse legal interests to each other in determining which party has the exclusive rights to use the Marks, including use of the Marks in the Domain Names.

44. Plaintiff further alleges that the controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. Accordingly, Plaintiff requests a declaration of the parties' respective rights as to the following:

a. That Plaintiff has been the exclusive and senior user of the Marks since 1980 and that such use predates the illegal use of the "MALIBU PIER" mark by Defendants;

b. That based on Plaintiff's senior use of the Marks in commerce, that Plaintiff has the sole rights to use the Marks;

c. That Defendant Harper's application to register the "MALIBU PIER" mark is improper and fraudulent and therefore should be denied; and

d. That Defendants have no right to use Plaintiff's Marks in association with the sales of Defendants' goods or services and in relation to Defendants' web-sites: MalibuPier.com; malibupier.biz; malibupier.org; malibupier.net; themalibupier.info; themalibupier.net; themalibupier.com; themalibupier.biz; and malibu-pier.com.

**FIFTH CLAIM FOR RELIEF**

**(State Trademark Infringement under Cal. Bus. & Prof. Code § 14200 et seq., and California Common Law)**

45. Plaintiff repeats and realleges every allegation set forth in Paragraphs 1 through 44.

46. Plaintiff has built up considerable goodwill and a strong reputation through Plaintiff's extensive advertising, promotion, sales of goods and services, related to its Marks.

47. Defendants knowingly used and continue to use Plaintiff's Marks for a profit and have misled the public into associating Defendants' goods and services with those of Plaintiff.

48. Defendants have used Plaintiff's Marks to pass off their goods and services to the public as being offered by or associated with Plaintiff.

49. Defendants' conduct alleged herein constitutes willful infringement of a trademark in violation of Cal. Bus. & Prof. Code § § 14200 et seq., and California common law.

50. Plaintiff has and will sustain injury to its reputation, goodwill and sales.

51. Further, Plaintiff has no adequate remedy at law and unless Defendants are enjoined, will sustain irreparable harm to its reputation and goodwill.

**SIXTH CLAIM FOR RELIEF**

**(California Trademark Dilution (Cal. Bus. & Prof. Code § 14335))**

52. Plaintiff repeats and realleges every allegation set forth in Paragraphs 1 through 51.

53. Defendants' acts have caused damage to Plaintiff's valuable reputation and diluted the distinctiveness of Plaintiff's famous Marks in violation of California Business & Professions Code Section 14335, and will continue to

damage Plaintiff's reputation and value of Plaintiff's Marks unless enjoined by this Court. Plaintiff has no adequate remedy at law.

SCANNED

**SEVENTH CLAIM FOR RELIEF**

**(Common Law Unfair Competition)**

54. Plaintiff repeats and realleges every allegation set forth in Paragraphs 1 through 53.

55. Plaintiff is informed and believes, and thereon alleges, that Defendants Harper and Malibu Pier Company have been passing off their goods and services as those of Plaintiff, and have been using Plaintiff's Marks to promote their own goods and services.

56. Plaintiff alleges that it has sustained damage to its reputation, goodwill and sales.

**EIGHTH CLAIM FOR RELIEF**

**(Unjust Enrichment)**

57. Plaintiff repeats and realleges every allegation set forth in Paragraphs 1 through 56.

58. Defendants' acts of misappropriation and illegal use of Plaintiff's Marks as well as Plaintiff's valuable goodwill associated with the Marks, at virtually no cost to Defendants, have resulted in Defendants being unjustly enriched at Plaintiff's expense.

59. Plaintiff has invested heavily in the advertisement, promotion and building of goodwill related to the Marks.

60. Plaintiff is therefore entitled to restitution of all ill-gotten profits related to the Marks retained by Defendants at Plaintiff's expense.

///

///

///

///

## NINTH CAUSE OF ACTION

**(Accounting)**

61. Plaintiff repeats and realleges every allegation set forth in Paragraphs 1 through 60.

62. Plaintiff alleges that Defendants Harper and Malibu Pier Company's use of Plaintiff's Marks has resulted in Defendants being unjustly enriched at Plaintiff's expense and at no cost to Defendants.

63. Defendants have retained an unknown amount of monies that rightfully belongs to Plaintiff.

64. Plaintiff is therefore entitled to an accounting of all profits gained by Defendants' illegal use of Plaintiff's Marks.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in its favor, and against Defendants, as follows:

(a) An Order preliminarily and permanently enjoining Defendants and their servants, employees, successors, licensees, transferees, representatives and/or assignees, and any persons in active concert or participation with them, from manufacturing, using, selling, offering to sell, importing for sale, advertising, displaying, or using any goods and/or services containing the mark MALIBU PIER, any derivative thereof, or any mark likely to cause confusion, mistake, and deception, or to misappropriate Plaintiff's intellectual property, and from other acts of unfair competition;

(b) An Order directing destruction of Defendants' current advertising, promotional materials, and inventory of infringing products that bear the infringing MALIBU PIER mark and/or any mark that is confusingly similar to Plaintiff's Marks, pursuant to 15 U.S.C. § 1118, Cal. Bus. & Prof. Code § 14340 and other applicable laws;

(c) An Order directing the transfer to Plaintiff of Defendants' those

Domain Names, pursuant to 15 U.S.C. § 1125(d), that Defendants registered;

(d) Monetary relief, including disgorgement of three times Defendants' wrongful profits, reimbursement for the costs of this action, and civil penalties pursuant to 15 U.S.C. § 1117, Cal. Bus. & Prof. Code § 14340, and all applicable laws;

(e) An Order directing the U.S. Patent & Trademark Office to deny Defendants' registration application serial number 78/296,926 for the mark MALIBU PIER.

(f) Treble damages pursuant to 15 U.S.C. § 1117, Cal. Bus. & Prof. Code § 14340, and other applicable laws;

(g) A declaration of the rights of the parties from this Court:

(1) That Plaintiff has been the exclusive and senior user of the Marks since 1980 and that this predates the illegal use of the MALIBU PIER mark by Defendants;

(2) That based on Plaintiff's senior use of the Marks in commerce, that Plaintiff has the sole rights to use the Marks;

(3) That Defendant Harper's application to register MALIBU PIER as a trademark is invalid and void and therefore subject to cancellation; and

(4) That Defendants have no right to use Plaintiff's Marks in association with the sales of Defendants' goods or services and in relation to Defendants' web-sites: MalibuPier.com; malibupier.biz; malibupier.org; malibupier.net; themalibupier.info; themalibupier.net; themalibupier.com; themalibupier.biz; and malibu-pier.com.

(h) The imposition of a constructive trust freezing all ill-gotten gains derived from Defendants' illegal use of Plaintiff's Marks;

(i) An accounting of all profits derived from Defendants' illegal use of Plaintiff's Marks;

(j) Attorney's fees pursuant to 15 U.S.C. § 1117, and other applicable laws; and

(k) Costs; and

(l) Such other relief as the Court may deem just and proper.

Dated: September 26, 2005

Respectfully Submitted,

GORDON & REES LLP

By: ______________________
William E. Pallares
Attorneys for Plaintiff
DEPARTMENT OF PARKS AND RECREATION

SCANNED

-14-

[PROPOSED] FIRST AMENDED COMPLAINT FOR DAMAGES CASE NO:2:05-CV-02008-DSF-JWJ

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury on all matters herein so triable.

SCANNED

Dated: September 26, 2005

Respectfully Submitted,

GORDON & REES LLP

By: ______________________
William E. Pallares
Attorneys for Plaintiff
DEPARTMENT OF PARKS AND RECREATION

PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: 633 West Fifth Street, Suite 4900, Los Angeles, CA 90071. On **September 27, 2005**, I served the within documents: **STIPULATION AND [PROPOSED] ORDER TO FILE A FIRST AMENDED COMPLAINT**

| | |
|---|---|
| ☐ | by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m. |
| ☒ | by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at Los Angeles, addressed as set forth below. |
| ☐ | by causing such document(s) listed above to be personally delivered the person(s) at the address(es) set forth below. |
| ☐ | by placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for overnight delivery by FedEx as part of the ordinary business practices of Gordon & Rees, LLP described below, addressed as follows: |

Maria Cristina Armenta, Esq.
The Armenta Law Firm
233 Wilshire Blvd., Suite 400
Santa Monica, CA 90401
***Attorneys for Defendants***

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct and that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on **September 27, 2005**, at Los Angeles, California.

Shirley Berrymon